Kirkpatrick, C. J.
It appears from the record sent up with this certiorari, that John Cams, the plaintiff below, *98 instituted a suit against Silas Woodruff, the defendant below, before James B. Hunt, Esquire, one of the justices of the county of Cumberland; that on the day of appearance, he filed with the said justice a copy of his account containing a variety of particulars, amounting in the whole to upwards of ninety dollar’s; and that Woodruff, the defendant, also filed a copy of his account, with an intent to make a set-off, as is presumed, but he filed therewith no plea of payment, as the law in that case directs. The justice upon the trial, examined witnesses, and also the book account of the parties, and thereupon rendered judgment for the plaintiff Cams, for $4 debt, $2.16 of costs.
[*] From this judgment, Cams, the plaintiff, appealed to the Court of Common Pleas, and there obtained judgment for $71.32 cents, and this judgment is now brought up into this court by certiorari.
There are sundry reasons assigned for the reversal of it; many of them altogether formal. Those which seem to be relied upon, are the second, viz: that the defendant Wood-ruff had no notice - of the appeal; the third, viz: that the court .could not, by law, render judgment for a greater sum than had been given below; and the fourth, viz: that the court refused to open their judgment, and give the defendant a re-hearing.
As to the third and fourth of these reasons, it is only necessary to say, that the plaintiff in certiorari has mistaken the law. Upon an appeal from the judgment of a justice to the Court of Common Pleas, the cause is to be heard anew upon its merits, and judgment is to be rendered according to the justice of the case, without any respect to the judgment below. It may be either for the same, or for a greater or lesser sum than the judgment appealed from; it may be either for the same, or for the adverse party. And as to the opening of such judgment and granting a re-hearing, it is altogether a matter of discretion; and even though that dis *99 cretion should be unfairly exercised, (which by the bye, does not appear to be the case here) it is no mattter of error to be amended by this court.
The second reason is, to wit: that Woodruff, the defendant, had no notice of the appeal, deserves more attention. For as upon the appeal, the cause [383] is to be heard upon its merits, it is essential to the administration of justice, that the appellee should not only have notice, but also time to bring in his witnesses and other evidence. I do not recollect that the act expressly requires this, but it is a dictate of natural justice, that a man should not be condemned without a hearing. And if the fact had been so, and had been satisfactorily brought up before this court, I should have been inclined [*] to reverse on that account; but it is not brought up; and the mere suggestion of counsel in the assignment of reasons, cannot be taken as a ground of adjudication. Therefore, I think the judgment of the pleas must be affirmed.
The other judges concurred.
Judgment affirmed.
Cited in Apgar v. Degraw, 4 Dutch. 527.